IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA PRUKALA, individually and on behalf of all others similarly situated, | : : : : | |
| | : | Case No. 3:14-cv-00154-ARC |
| Plaintiff, | : : | (United States District Judge |
| | : | A. Richard Caputo) |
| v. | : : | Electronically Filed |
| DSW INC.; JOHN DOES 1-10; AND CORPORATIONS X, Y, Z, | : : : | |
| Defendants. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DSW INC.'S MOTION TO DISMISS**

Plaintiff Christina Prukala ("Plaintiff") purports to allege six causes of action arising out of her alleged receipt of unsolicited electronic mail messages ("emails") concerning DSW Inc. ("DSW"). At the core of DSW is DSW Designer Shoe Warehouse, a leading footwear retailer with over 350 stores nationwide. Distilled to its essence, Plaintiff's Complaint alleges that the email messages that she allegedly received contained a "misleading" subject header and that she made at least one attempt to opt-out of future emails, but that this request was not honored. Curiously, Plaintiff does not attach the allegedly offending email(s) to her Complaint, describe the actual content of any email(s), including any allegedly

misleading subject header, identify the date on which she received any such email(s), or provide the date on which she allegedly attempted to "opt-out" of receiving future emails about DSW. Ultimately, Plaintiff's Complaint fails to allege even the most basic of facts necessary to support any claim against DSW.

## I.      PROCEDURAL HISTORY

On or about January 9, 2014, Plaintiff served DSW with a copy of the Complaint in this action that was filed in the Court of Common Pleas in Lackawanna County, Pennsylvania. On January 29, 2014, DSW filed a Notice of Removal, removing the action to this Court. *See* ECF No. 1.

## II.     PLAINTIFF'S ALLEGATIONS[1]

Plaintiff alleges that she received a series of email messages that she accessed on her cellular telephone, allegedly soliciting, either directly or indirectly, the purchase of "services" from DSW. Compl. ¶ 10. Plaintiff never alleges when or on what dates she received any emails from or regarding DSW. *See generally* Compl. Plaintiff contends that she never gave permission, implied or express, to DSW, to contact her mobile telephone via electronic mail messages or in any other way. Compl. ¶ 12. Plaintiff further alleges that she made at least one attempt to request that she no longer receive electronic mail messages from DSW, but that the

---

[1]    DSW accepts any well-pled factual allegations in the Complaint as true only for purposes of its Motion to Dismiss.

request was ignored. Compl. ¶ 17. Plaintiff has failed to: (1) attach any of these alleged emails to her Complaint; (2) describe the actual content of any of these alleged emails; (3) indicate exactly how many emails she allegedly received from DSW; or (4) identify any dates on which she allegedly received any emails from DSW. *See generally* Compl.

Plaintiff further alleges that the emails contained misleading subject headers, but again, Plaintiff fails to attach any such emails or even describe the alleged language in the subject headers. *See* Compl. ¶ 14. Finally, Plaintiff asserts that the emails from DSW caused her to incur a charge from her cellular telephone carrier, but she never itemizes this supposed charge. Compl. ¶ 15-16. Plaintiff never alleges that DSW ever called her mobile phone. *See generally* Compl.

### III.   STATEMENT OF QUESTIONS

1. Whether Plaintiff has satisfied the pleading requirements to state an Unfair Trade Practices and Consumer Protection Law ("UTPCPL") claim.

2. Whether Plaintiff's UTPCPL claim is preempted, in whole or in part, by the CAN-SPAM Act.

3. Whether Plaintiff has alleged facts sufficient to state a Telephone Consumer Protection Act ("TCPA") claim where Plaintiff has only alleged that she received and accessed email messages.

4.     Whether Plaintiff has satisfied the Rule 12(b)(6) pleading requirements to state a claim for "invasion of privacy" where Plaintiff has failed to allege facts to support a claim based upon an intrusion upon seclusion theory.

5.     Whether Plaintiff has satisfied the Rule 12(b)(6) pleading requirements to state a claim for intentional infliction of emotional distress where Plaintiff only alleges that she received commercial email messages.

6.     Whether Plaintiff can bring a claim for civil harassment when no such cause of action exists under Pennsylvania law.

## IV.     STANDARD OF REVIEW

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if it does not plead enough facts to support a claim for relief that is "plausible" (as opposed to just "conceivable"). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).  A complaint is subject to dismissal unless the

complaint contains factual allegations which are "enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 545.

Further, Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff "alleging fraud or mistake" to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff must "inject precision and some measure of substantiation into the allegations" in order to satisfy the particularity requirement of Rule 9(b). *Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 369 (E.D. Pa. 1996). Where a plaintiff fails to set forth such facts, she has failed to state a claim. *See, e.g., id.*

## V. PLAINTIFF HAS FAILED TO ALLEGE FACTS TO SUPPORT ANY VIABLE CLAIMS AND HER COMPLAINT SHOULD BE DISMISSED.

### A. Plaintiff's UTPCPL Claims are Woefully Deficient.

Plaintiff purports to bring two claims against DSW based upon Pennsylvania's UTPCPL. Although the Complaint purports to allege two separate causes of action, the allegations set forth in Counts I and II appear to be identical. In any event, neither Count I nor Count II state a viable UTPCPL claim.

#### 1. The Court Should Dismiss Plaintiff's UTPCPL Claims Because Plaintiff Has Failed to Adequately Plead Any UTPCPL Violation.

Plaintiff fails to identify any particular section of the UTPCPL that DSW allegedly violated. *See generally* Compl. Rather, Plaintiff summarily alleges that "Defendant(s) behavior is specifically defined as 'Unfair methods of competition' and 'unfair or deceptive acts or practices' at one or more instances of 73 P.S.

§§ 201-2(4)." Compl. ¶¶ 38, 44. Section 201-2(4) of the UTPCPL articulates twenty-one specific activities that may constitute "unfair methods of competition" and "unfair or deceptive acts or practices." Plaintiff has completely failed to identify which, if any, of the twenty-one categories of conduct allegedly apply to DSW. Such bare-bones pleading does not satisfy the pleading requirements set forth by the Supreme Court in *Twombly* and *Iqbal*, and does not state any claim based upon any of the twenty-one categories listed in the UTPCPL.

Further, based upon the vagueness of Plaintiff's pleading, it is unclear whether she is attempting to allege a UTPCPL claim sounding in fraud. If Plaintiff is bringing a UTPCPL claim based upon fraudulent conduct, then her pleading must satisfy Rule 9(b)'s requirements. *Taggart v. Wells Fargo Home Mortgage, Inc.*, No. 10-cv-843, 2013 WL 3009730, *6-*7 (E.D. Pa. June 18, 2013) (holding that, where plaintiff failed to identify which provision of the UTPCPL applied, Rule 9(b) requirements necessitated dismissal because Plaintiff "failed to allege what misrepresentations were allegedly made, did not sufficiently allege intent, and did not allege that Plaintiff justifiably relied upon any specific misrepresentations") (attached as Exhibit 1). Therefore, Plaintiff must "inject precision and some measure of substantiation into the allegations" in order to satisfy the particularity requirement of Rule 9(b). *Sun Co., Inc. (R & M)*, 939 F. Supp. at 369. Because she has failed to do so, her UTPCPL claim should be

dismissed. *See, e.g., id.* (dismissing claim because "Plaintiff failed to inject precision and some measure of substantiation into the allegations").

Plaintiff's UTPCPL claim appears to be solely predicated upon a generalized attack against the "misleading character of the subject header(s) of each email." Compl. ¶ 17. Plaintiff fails to attach any such emails to her Complaint, fails to provide the date for when each alleged email was received by her, fails to allege how many emails she received, and most importantly, fails to quote or even describe the language in the subject header of each alleged email. Plaintiff's failure to allege even the most basic details about the email messages is insufficient to plead a UTPCPL claim under the pleading standards set forth in *Twombly* and *Iqbal*, and woefully insufficient to satisfy the particularity required by Rule 9(b), to the extent that Plaintiff's UTPCPL claims sound in fraud.

>    2.   **To the Extent That Plaintiff's UTPCPL Claims Are Premised Upon Pennsylvania's Unsolicited Telecommunication Advertisement Act, Plaintiff's UTPCPL Claims are Preempted By the CAN-SPAM Act.**

In her Complaint, Plaintiff periodically references Pennsylvania's Unsolicited Telecommunication Advertisement Act (the "UTAA"), *see* Compl. ¶¶ 13, 14, 40, 46, but never actually alleges a claim based upon the UTAA. Rather, Plaintiff alleges, in the context of her UTPCPL claim that "[t]he above-described behavior is not only prohibited by 73 PS 2250.3(b) [of the UTAA], but the remedies sought in this count are not prohibited therein." Compl. ¶¶ 40, 46.

The federal CAN-SPAM Act "supersedes any statute, regulation or rule of a State . . . that expressly regulates the use of electronic mail to send commercial messages."  15 U.S.C. § 7707(b)(1); *see also OmegaWorld Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 352 n.1 (4th Cir. 2006)( holding that CAN-SPAM preempts a cause of action under a similar Oklahoma commercial email statute and precluded any related claims based upon Oklahoma's Consumer Protection Act).  The UTAA specifically seeks to regulate the use of electronic mail messages and prohibits, *inter alia*, a person to "initiate a transmission or conspire with another person to initiate a transmission or assist a transmission of an unsolicited commercial electronic mail message or fax from a computer or fax machine located in this Commonwealth or to an electronic mail address" in a number of contexts.  73 P.S. § 2250.3.

Thus, to the extent that Plaintiff is attempting to bring UTPCPL claims based upon an alleged violation of the UTAA, such claims are expressly preempted.  *See* 15 U.S.C. § 7707(b)(1); *see also OmegaWorld Travel, Inc.*, 469 F.3d at 352 n.1 ("Since we find that Mummagraphics did not raise a cognizable cause of action under Oklahoma's commercial e-mail laws due to federal preemption, the alleged violations cannot give rise to further claims under the Oklahoma Consumer Protection Act.").

**B.     The Court Should Dismiss Count III of Plaintiff's Complaint Because Electronic Mail Messages Do Not Fall Within the Prohibitions of the TCPA As a Matter of Law.**

In order for Plaintiff to state a claim under the TCPA, 47 U.S.C. § 227(b)(A)(iii), Plaintiff must allege that she received a call from an automatic dialing system. Because an electronic mail message does not qualify as a "call" under the TCPA, Count III of her Complaint should be dismissed.

An email is not a "call" for purposes of the TCPA, and traditional email "spam" communications do not fall within its prohibitions. *Aronson v. Bright-Teeth Now, LLC.,* 824 A.2d 320, 323 (Pa. Super. Ct. 2003) (holding that the TCPA does not apply to unsolicited commercial email communications). In *Aronson*, the court examined whether an email spam message could support a TCPA claim and held that "the provisions of § 227 of the TCPA do not apply to e-mail communications." 824 A.2d at 323.

Nowhere in Plaintiff's Complaint does she ever allege that DSW actually called her mobile phone. Plaintiff only alleges that DSW sent her email messages. *See generally* Compl. In fact, Plaintiff alleges that she accessed the alleged emails from an "email account[,]" not that DSW ever called her mobile phone. Compl. ¶ 16. Therefore, Plaintiff has failed to state a claim under the TCPA, and Count III of Plaintiff's Complaint should be dismissed.

**C.     Plaintiff's Claim for "Invasion of Privacy" Fails Because Plaintiff Has Failed to Allege Any Facts to Support Any Invasion of Privacy Tort.**

In Count IV of her Complaint, Plaintiff fails to allege facts sufficient to support any of the distinct privacy torts recognized by Pennsylvania law. Plaintiff makes only general allegations of some supposed invasion of privacy, but "invasion of privacy" is "actually comprised of four analytically distinct torts: 1) intrusion upon seclusion, 2) appropriation of name or likeness, 3) publicity given to private life, and 4) publicity placing a person in false light." *Marks v. Bell Tel. Co. of Pa.*, 331 A.2d 424, 430 (Pa. 1975). Plaintiff's cursory pleading leaves DSW to guess as to type of privacy claim that she seeks to pursue. It appears that Plaintiff is attempting to bring a claim for intrusion upon seclusion. Compl. ¶ 54.

To state a claim for intrusion upon seclusion, a plaintiff must allege facts sufficient to show: "(1) physical intrusion into a place where the plaintiff has secluded himself or herself; (2) use of the defendant's senses to oversee or overhear the plaintiffs private affairs; or (3) some other form of investigation or examination into plaintiffs private concerns." *Yates v. Commercial Index Bureau, Inc.,* 861 F. Supp. 2d 546, 552 (E.D. Pa. 2012). Section 652B of the RESTATEMENT (SECOND) OF TORTS provides: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be *highly offensive to a reasonable person*." *Yates,* 861 F. Supp. at 551 (emphasis added);

*see Harris by Harris v. Easton Pub. Co.,* 483 A.2d 1377, 1384 (Pa. Super. Ct. 1984). Plaintiff has failed to allege any "highly offensive" conduct by DSW and has not pled sufficient facts to support an intrusion upon seclusion claim.

A defendant cannot be liable for intrusion upon seclusion unless the invasion is "substantial." *Borton v. Unisys Corp.,* No. 90-4793, 1991 WL 915, *8 (E.D. Pa. Jan. 4, 1991) (attached as Exhibit 2). Further, "to constitute a tortious invasion of privacy an act must cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *DeAngelo v. Fortney,* 515 A.2d 594, 595 (Pa. Super. Ct. 1986) (internal quotation marks omitted). In fact, sending email messages alone is not an invasion of privacy because "business solicitations are generally inoffensive inquiries accepted as part of daily living." *Id.* at 595. Courts have held that, "two inquiries or solicitations . . . is clearly insufficient to give rise to an actionable intrusion upon . . . seclusion." *Id.*; *see also Sofka v. Thal,* 662 S.W.2d 502 (Mo. 1983) (holding that six or eight phone calls over the course of several months is not actionable); *Bradshaw v. Michigan Nat'l Bank*, 197 N.W.2d 531, 532 (1972) (holding that unsolicited mailings are not actionable).

Similarly, even in the context of door to door solicitations or direct telephone call solicitations, "there is no liability for knocking at the plaintiff's door, or for calling him to the telephone . . . it is only when the telephone calls are repeated with such persistence and frequency to amount to a course of hounding

the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded." RESTATEMENT (SECOND) OF TORTS § 652B, comment d; *see Chicarella v. Passant,* 494 A.2d 1109, 1114 (Pa. Super Ct. 1985); *Stuart v. AR Res., Inc.*, 2011 WL 904167, at *6 (E.D. Pa. Mar. 16, 2011) (attached as Exhibit 3).

Plaintiff's Complaint alleges only that she received a series of emails that she accessed on her cellular telephone. Compl. ¶ 10. No other allegations are present that address the number and frequency of the alleged emails. *See generally* Compl. Simply put, Plaintiff fails to plead any facts sufficient to describe conduct that could rise to the level of "substantial" or "highly offensive" and Count IV should be dismissed. *See Borton,* 1991 WL 915, at *8.

**D.     Plaintiff Has Failed to Allege Any Facts Sufficient to Plead A Viable Claim for Intentional Infliction of Emotional Distress.**

To state a claim for intentional infliction of emotional distress, a plaintiff must allege facts sufficient to show "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the distress must be severe." *Brieck v. Harbison-Walker Refractories*, 624 F. Supp. 363, 366 (E.D. Pa. 1985); RESTATEMENT (SECOND) OF TORTS, § 46(1) (1965). Pennsylvania court have applied Section 46 of the Restatement (Second) of Torts, which provides: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the

other results from it, for such bodily harm." *See Stouch v. Brothers of the Order of Hermits of St. Augustine*, 836 F. Supp. 1134, 1144 (E.D. Pa. 1993) ("The Pennsylvania Supreme Court has continually applied the Restatement definition to claims for intentional infliction of emotional distress."). Because Plaintiff has not pled sufficient facts to support any of these elements, her claim should be dismissed with prejudice.

Courts in Pennsylvania are wary to categorize "conduct 'outrageous' so as to permit recovery for intentional infliction of emotional distress and have allowed recovery 'only in limited circumstances where the conduct has been clearly outrageous.'" Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) (quoting *Krushinski v. Roadway*, 627 F. Supp. 934, 938 (M.D. Pa. 1985)). Plaintiff fails to allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." RESTATEMENT (SECOND) TORTS § 46 cmt. d; *see also Landmesser v. United Air Lines*, Inc., 102 F. Supp. 2d 273, 281 (E.D. Pa. 2000) (quoting RESTATEMENT (SECOND) OF TORTS, § 46 cmt. d: "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim, 'Outrageous!'").

At best, Plaintiff has alleged that DSW sent Plaintiff a series of emails that Plaintiff chose to access on her mobile phone. *See* Compl. ¶¶ 10, 15. Nothing about the receipt of an email message is outrageous or uncommon. In the employment context, courts have even been reluctant to find that something as impactful as the termination of employment is "outrageous" because "it is a common event." *Cox*, 861 F.2d at 395. Similarly, receiving emails soliciting, either directly or indirectly, the purchase of services, is a common event. *See DeAngelo v. Fortney,* 515 A.2d 594, 595 (Pa. Super. Ct. 1986) ("Business solicitations are generally inoffensive inquiries accepted as part of daily living.").

Plaintiff's claim should also be dismissed for failure to allege physical injury or harm. "A complaint of intentional infliction of emotional distress must allege physical injury, harm, or illness caused by the defendant's conduct." *Zugarek v. Southern Tioga School Dist.*, 214 F. Supp. 2d 468, 481 (M.D. Pa. 2002) (citing Pennsylvania cases); *see also Robinson v. May Dep't Stores Co.,* 246 F. Supp. 2d 440, 444 (E.D. Pa. 2003) (granting summary judgment where plaintiff failed to establish physical injury or harm). Severe emotional distress, under Pennsylvania law, requires a "manifestation of physical impairment resulting from the distress." *Fulton v. United States,* 198 F. App'x 210, 215 (3d. Cir. 2006).

Plaintiff fails to allege any physical injury, harm or illness, and she summarily asserts that DSW's conduct "caused severe emotional distress[,]" but

never explains how that alleged distress ever manifested itself. Compl. ¶ 60. This bald, conclusory allegation is insufficient to plead a claim of intentional infliction of emotional distress and Count V should be dismissed with prejudice. *See Zugarek*, 214 F. Supp. 2d at 482 (dismissing claim because "bald allegation that plaintiffs have suffered emotional and physical harm" was insufficient where "complaint fail[ed] to allege with specificity any physical injury, illness, or harm").

### E.     Plaintiff's Claim for Harassment Is Not Cognizable As A Matter Of Law In Pennsylvania And Should Be Dismissed.

Count VI of Plaintiff's Complaint purports to assert a claim for civil harassment; however, Pennsylvania has declined to create a civil cause of action for harassment. *DeAngelo*, 515 A.2d at 596; *Waye v. First Citizen's Nat. Bank*, 846 F. Supp. 310, 319 (M.D. Pa. 1994). Research has revealed no authority in Pennsylvania to support a civil harassment claim.

Accordingly, Count VI of the Complaint should be dismissed with prejudice.

### V.     CONCLUSION

For the foregoing reasons, DSW respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Date:  February 5, 2014

Respectfully submitted,

By REED SMITH LLP

*/s/ Roy W. Arnold*
Roy W. Arnold (*admitted pro hac vice*)
Pa. I.D. No.  70544
James L. Rockney (*admitted pro hac vice*)
Pa. I.D. No.  200026
Emily B. Thomas
PA I.D.  203454

225 Fifth Avenue
Pittsburgh, PA 15222
Telephone:  412-288-3916
Fax:  412-288-3063
Email:  rarnold@reedsmith.com
           jrockney@reedsmith.com
           ethomas@reedsmith.com

Counsel for Defendant DSW, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2014, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss Plaintiff's Complaint with the Clerk of Court for the U.S. District Court, Middle District of Pennsylvania, using the electronic case filing system of the court.  The electronic case filing system will send notification of such filing to all counsel of record.  Counsel may access such document using the Court's system.

Date:  February 5, 2014

*/s/ Roy W. Arnold*
Counsel for Defendant