# EXHIBIT 1

2013 WL 3009730
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

Kenneth J. TAGGART, Plaintiff,
v.
WELLS FARGO HOME MORTGAGE,
INC., et. al., Defendants.

Civil Action No. 10–cv–00843.  |  June 18, 2013.

**Attorneys and Law Firms**

Kenneth J. Taggart, Holland, PA, pro se.

Andrew W. Bonekemper, William Christian Moffitt, Fox Rothschild LLP, Blue Bell, PA, Charles W. Proctor, III, Law Offices of Proctor Lindsay & Dixon, LLC, Chadds Ford, PA, for Defendants.

**Opinion**

*MEMORANDUM*

STENGEL, District Judge.

*1 This is a mortgage foreclosure case that *pro se* plaintiff, Kenneth Taggart, filed against Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), American Partners Bank, and Eagle Nationwide Mortgage Company ("Eagle Nationwide"). The Amended Complaint alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), breach of contract, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), violation of the Fair Credit Reporting Act ("FCRA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), and breach of fiduciary duty. Pending before this court is Eagle Nationwide's Motion for Summary Judgment (Doc. No. 96). For the reasons set forth, I will grant Defendant's Motion and dismiss the case with prejudice.

**I. Background**
In December, 2008 Kenneth Taggart applied to refinance his mortgage loan on property located at 709 Schwab Road, Hatfield, Pennsylvania.[1] Eagle Nationwide Mortgage Company acted as a broker and American Partners Bank funded the loan. Complaint at ¶¶ 8–9. The mortgage loan closed on December 16, 2008. Wells Fargo now services the loan, which is owned by a securitized trust. Complaint at ¶ 11.

On March 1, 2010, Kenneth Taggart filed a cause of action alleging various federal and state law claims. The complaint alleges various violations of the Real Estate Settlement and Procedures Act, the Truth in Lending Act, the Pennsylvania Unfair Trade Practices & Consumer Protection Laws, the Fair Credit Reporting Act, and Fair Debt Collection Practices Act. In addition, the complaint raises breach of contract and breach of fiduciary duty claims.[2] Plaintiff now seeks leave to add Mortgage Electronic Systems ("MERS") as a defendant because Plaintiff claims that MERS was the original lender of the mortgage loan in question.

Wells Fargo filed a motion to dismiss Taggart's complaint on June 4, 2010. (Doc. No. 5). On September, 27, 2010, I granted Wells Fargo's Motion to Dismiss. (Doc. No. 40). On December 10, 2010, Taggart filed an amended complaint. (Doc. No. 51). Again, Wells Fargo filed a second motion to dismiss on December 20, 2010 (Doc. No. 52), which was granted on April 19, 2011, and dismissed Wells Fargo from Taggart's amended complaint with prejudice.[3] (Doc. No. 70). That same day Eagle Nationwide's Motion to Dismiss was denied as untimely.[4] (Doc. No. 79).

On January 16, 2012, without filing a motion for leave to file an amended complaint, Plaintiff filed another Amended Complaint. (Doc. No. 99). On January 19, 2012, I entered an Order permitting Plaintiff to file a Motion for Leave to File an Amended Complaint on or before Thursday, January 26, 2012. On January 26, 2012, Plaintiff filed the instant Motion, which added claims against the previously-dismissed Wells Fargo and attempts to substitute Mortgage Electronic Registration systems ("MERS") with a John Doe alleged in the initial complaint. Eagle Nationwide responded on February 9, 2012 and Wells Fargo was permitted to file a response on February 12, 2012.

**II. Standard**
*2 Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" when "a reasonable jury could return a verdict for the nonmoving party" based on the evidence in the record. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986). A factual dispute is "material" when it "might affect the outcome of the suit under the governing law." *Id.*

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial *Celotex* burden can be met simply by demonstrating to the district court that "there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. After the moving party has met its initial burden, the adverse party's response "must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). Summary judgment is therefore appropriate when the nonmoving party fails to rebut by making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must draw "all justifiable inferences" in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The court must decide "not whether ... the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.* at 252. If the non-moving party has produced more than a "mere scintilla of evidence" demonstrating a genuine issue of material fact, then the court may not credit the moving party's "version of events against the opponent, even if the quantity of the [moving party's] evidence far outweighs that of its opponent." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992).

### III. Discussion

#### A. RESPA

##### a. Principle Residence

Counts 1–9, 19, and 38 of Mr. Taggart's complaint alleges violations of RESPA. RESPA "does not apply to credit transactions involving extensions of credit (1) primarily for business, commercial, or agricultural purposes ...." 12 U.S.C. § 2606(a). The Code of Federal Regulations provides that "RESPA and [Part 3500] apply to all federally related mortgage loans, except for the exemptions provided in paragraph (b) of this section." Paragraph (b) provides an exemption for, among other items, "[a]n extension of credit primarily for a business, commercial, or agricultural purpose, as defined by Regulation Z, 12 CFR 226.3(a)(1). Persons may rely on Regulation Z in determining whether the exemption applies." 24 C.F.R. § 3500.5(b). Regulation Z exempts several categories of lending transactions, including "[a]n extension of credit primarily for a business, commercial or agricultural purpose." 12 C.F.R. § 226.3(a). The Truth in Lending Official Staff Commentary provides:

> *3 Credit extended to acquire, improve, or maintain rental property (regardless of the number of housing units) that is not owner-occupied is deemed to be for business purposes. This includes, for example, the acquisition of a warehouse that will be leased or a single-family house that will be rented to another person to live in.[1]

46 Fed.Reg. 50288, 50297 (Oct. 9, 1981) (as amended 75 Fed.Reg. 7658 (Feb. 22, 2010)).

Eagle Nationwide argues the mortgage loan is not covered by RESPA because the Hatfield property was a rental property, not owner-occupied. In 2006, Mr. Taggart applied for a mortgage for property in Holland, Pennsylvania. On this application, his 2008 application to refinance, and when he filed this lawsuit in 2010, Mr. Taggart listed his current address as the property in Holland, Pennsylvania and listed the Hatfield property as a rental property.

Plaintiff argues that "Eagle is simply misrepresenting to the court that they are not liable for violations of fiduciary duties owed to plaintiff and lending violations asserted by plaintiff .... this is erroneous and misleading as provided in this brief and memorandum."

The mortgage loan is not covered by RESPA because, as evidenced by the 2006 mortgage application, the Property was a rental property and was not owner-occupied at the time that the refinancing occurred and the loan was extended by the lender to Plaintiff. Because the Property was not Plaintiff' principle residence at the time that he obtained the loan, RESPA is inapplicable, and Eagle is entitled to summary judgment as to each of those counts.

**b. Statute of Limitations**

In Counts 1, 2, 5, 6, 8, and 9, Plaintiff alleges violations of RESPA for failing to disclose various fees. Count 1 alleges that Eagle Nationwide charged undisclosed fees to Plaintiff, including a $375 processing fee. Count 2 alleges that Eagle Nationwide failed to disclose all fees on the settlement sheet. Count 5 alleges that Eagle Nationwide charged Plaintiff a lending fee of $4,100.40 that was unearned. Count 6 alleges that Eagle Nationwide charged Plaintiff a $486.44 interest fee and other unearned fees. Count 8 alleges that Eagle Nationwide charged an undisclosed $695.00 commitment fee. Count 9 alleges that Eagle Nationwide charged broker fees and yield spread premiums in excess of normal market fees and engaged in predatory lending by charging higher than current market rates for loans.

RESPA provides:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court ... within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation ....

12 U.S.C. § 2614.

Section 2607 provides a prohibition against kickbacks and unearned fees and applies to counts 1, 2, 5, 6, 8, and 9. To raise a private cause of action pursuant to 2607 challenging unearned fees, a plaintiff must file a lawsuit within one year of "the date of the occurrence of the violation." The date of the violation is the date of closing. *See Morilus v. Countrywide Home Loans, Inc.*, 651 F.Supp.2d 292, 306 (E.D.Pa.2008) (statute required an action for kickbacks to be brought within one year of the date of the occurrence of the violation, which was the date of the closing).

*\*4* Mr. Taggart's mortgage loan closed on December 16, 2008 and the funds were disbursed on December 22, 2008. This was more than one-year before the filing of the complaint on March 1, 2010. On December 16, 2008, Mr. Taggart signed a certification addendum to HUD–1 settlement statement, which stated:

> I have carefully reviewed the HUD–1 settlement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD–1 Settlement Statement.

Memorandum of Law in Support of Motion to Dismiss Complaint at Exh. A. Therefore, because the loan closed on December 16, 2008, the statute of limitations bars counts 1, 2, 5, 6, 8, and 9.

Mr. Taggart asserts the statute of limitations should be equitably tolled.[5] However, as I discussed in my opinion dismissing the claims against Wells Fargo, the statute of limitations should not be equitably tolled.[6] Therefore, I will grant Eagle Nationwide's motion for summary judgment as to counts 1, 5, 6, 7, 8, and 9 because the claims are barred by the statute of limitations.

**c. Private Right of Action**

Finally, Eagle Nationwide claims that there is no private right of action under RESPA for claims 3, 4, and 7. 28 U.S.C. § 2603(b).[7] In Count 3, Plaintiff alleges that Eagle Nationwide failed to provide a good faith estimate prior to closing. In Count 4, Plaintiff alleges that Eagle Nationwide failed to provide the mortgage documents and HUD–1 statement at least 24 hours prior to settlement. Count 7 alleges that Eagle Nationwide failed to provide all RESPA disclosures three days after his application.

12 U.S.C. § 2614 provides "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction ...." The text of RESPA, therefore, does not provide a private right of action for claims under § 2603.[8] In addition, courts have found no private right of action should be implied. *See Loften v. Diolosa*, No. 05–1193, 2008 WL 2994823, at \*9 n. 10 (M.D.Pa. July 31, 2008) (stating " § 2603 does not explicitly provide for a private cause of action and courts have determined that no implicit cause of action exists under § 2603"); *see also Brophy v. Chase Manhattan Mortg. Co.*, 947 F.Supp. 879, 882 (E.D.Pa.1996) (finding RESPA did not provide a private right of action for § 2604).

Accordingly, I will grant Eagle Nationwide's motion to dismiss counts 3, 4, and 7. [9]

**B. Truth In Lending Act**
Counts 10 through 15 and count 18 allege various TILA violations. Count 10 alleges Eagle Nationwide failed to provide three copies of the "Right to Cancel" at closing. Count 11 alleges Eagle Nationwide "failed to make all [TILA] and [RESPA] disclosures." Count 12 alleges Eagle Nationwide failed to disclose the payment schedule as required by Regulation Z. Count 13 alleges Eagle Nationwide failed to disclose the total payments, as required under 12 C.F.R. 226.18(g)-(h). Count 14 alleges Eagle Nationwide failed to provide the correct annual percentage rate in the closing documents. Count 15 alleges Mr. Taggart would like the right to "quiet title" and rescind the loan per the TILA. Count 18 alleges Eagle Nationwide did not disclose the loan terms when it changed the rate or payment amount.

*5 Eagle Nationwide argues that Mr. Taggart's claims cannot withstand summary judgment because Eagle Nationwide was not a creditor as defined by the act; it was merely a broker. Further, Eagle contends that it provided the required notices and produced the required disclosures to make TILA inapplicable.

Similar to RESPA, discussed above, TILA exempts extensions of credit for business or commercial purposes from its scope. 15 U.S.C. § 1603(1); 12 C.F.R. § 226.3(a). Because the property at issue was not Mr. Taggart's principal dwelling, TILA does not apply because the refinanced mortgage loan was for business or commercial purposes. Therefore, TILA does not apply to the transaction giving rise to the lawsuit and Defendant's motion for summary judgment will be granted. Even if TILA did apply to the property, Plaintiff's claims would still fail. [10]

Further, Eagle Nationwide merely served as the broker for the subject loan and is not a "creditor" as defined by TILA. *Nelson v. JPMorgan Chase Bank, NA,* 707 F.Supp.2d 309, 315, 317 (E.D.N.Y.2009) (mortgage brokers are not creditors as that term is defined under the general TILA regulations); *Noel v. Fleet Finance, Inc.,* 971 F.Supp. 1102 (E.D.Mich.1997) (broker not a creditor under TILA unless it presents itself as a creditor or is a party to whom any obligation was initially payable). Plaintiff has made no allegation in the Amended Complaint and has produced no evidence in discovery to demonstrate that his loan payments were initially payable to Eagle Nationwide, which was merely a broker. Accordingly, all of Plaintiff's TILA claims immediately fail as a matter of law and Eagle Nationwide is entitled to summary judgment as to each of those counts.

**C. State Law Claims**

**a.** *Breach of Contract*
Eagle Nationwide argues that it is free from liability under Mr. Taggart's state law claims of breach of fiduciary duty, breach of contract and UTPCPL because Mr. Taggart fails to make a prima facie case.

In Count 17 of the Amended Complaint, Plaintiff alleges that Eagle breached a contract with Plaintiff "by hiding, omitting, and concealing true terms of loan in written documents; Terms were not the same as verbally disclosed or written as well."

To "maintain a cause of action for breach of contract the plaintiff must establish: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Hart v. Arnold,* 884 A.2d 316, 332 (Pa.Super.Ct.2005) (citing *Gorski v. Smith,* 812 A.2d 683 (Pa.Super.Ct.2002)). Mr. Taggart fails to sufficiently allege any duty imposed by a contract or how Eagle Nationwide breached that duty. Nowhere in the Amended Complaint does Plaintiff allege any duty imposed by any alleged contract between Plaintiff and Eagle Nationwide, nor does Plaintiff allege if and how Eagle Nationwide breached any duty owed, or how any such breach caused Plaintiff to suffer damage, let alone the amount of such damage. Moreover, Plaintiff has failed to produce any evidence through discovery that would prove this claim. Therefore, I will grant Eagle Nationwide's motion for summary judgment on Count 17.

**b.** *Breach of Fiduciary Duty*
*6 In Counts 20 through 22, Plaintiff purports to set forth various claims for breach of fiduciary duty against Eagle Nationwide. In Count 20, Plaintiff alleges that Eagle breached a fiduciary duty by suggesting that Plaintiff completely refinance the loan on the Property instead of obtaining an equity loan or equity line. In Count 21, Plaintiff alleges that Eagle Nationwide had a fiduciary duty to obtain the best loan for Plaintiff and alleges that Eagle Nationwide "engaged in willful misrepresentation and disregard as to his financial

status and violated the Home Owners Equity Protection Act." In Count 22, Plaintiff alleges that Eagle Nationwide breached a fiduciary duty by "Flipping" by persuading Plaintiff to refinance when it did not make any sense."[11]

Under Pennsylvania law, "mortgage brokers owe a fiduciary duty to their customers." *Corbett v. Snyder*, 2008 WL 5583245 (citing *McGlawn v. PHRC*, 891 A.2d 757, 769 (Pa.Commw.Ct.2006)). "[A] fiduciary duty represents a duty of candor, honesty and loyalty toward another and a duty to act in that person's best interests." *Id.* (citing Blacks Law Dictionary (8th ed.2004)).

Plaintiff has made no such showing that Eagle Nationwide breached any fiduciary duties in the transaction at issue and has produced no evidence to support the assertions set forth in the Amended Complaint. The fact that Plaintiff breached the terms of the loan agreement and was unable to meet his financial obligations does not mean that Plaintiff has made the necessary showing that Eagle Nationwide breached any fiduciary duty to him. Specifically, Plaintiff has failed to allege or to produce evidence showing that Eagle failed to act with reasonable care, skill or diligence, or that Eagle failed to advise Plaintiff of relevant facts and circumstances known to Eagle and unknown to Plaintiff. Therefore, I will dismiss Counts 20–22 with prejudice.

### c. *The Pennsylvania Unfair Trade Practices and Consumer Protection Law*

Counts 23 through 29, 31, and 33 through 36 allege violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.[12] Most of these alleged violations of the UTPCPL are "piggy-back" claims, alleging claims identical to the RESPA and TILA violations raised in the complaint. Although the Amended Complaint does not state which provision of the UTPCPL applies, Mr. Taggart likely attempts to raise claims under the UTPCPL's catch-all provision, which prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).

To establish a cause of action under this catch-all provision, a plaintiff must prove the elements of common-law fraud. *See Tran v. Metro. Life Ins. Co.*, 408 F.3d 130, 140–41 (3d Cir.2005) (predicting the Pennsylvania Supreme Court will find justifiable reliance is required to establish a UTPCPL claim); *Toy v. Metropo. Life Ins. Co.*, 863 A.2d 1, 10 (Pa.Super.Ct.2004) (UTPCPL claims must establish the common law elements of fraud); *Booze v. Allstate Ins. Co.*, 750 A.2d 877, 880 (Pa.Super.Ct.2000) ("[T]o state a claim under the catchall provision of the [UTPCPL], a plaintiff must prove the elements of common law fraud"). "[T]o establish common law fraud, a plaintiff must prove: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Ross v. Foremost Ins. Co.*, 998 A.2d 648, 654 (Pa.Super.Ct.2010) (quoting *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa.Super.Ct.2006)).

**\*7** Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of Rule 9(b) is to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984).

When ruling on Wells Fargo's motion to dismiss, I found that Plaintiff failed to allege what misrepresentations were allegedly made, did not sufficiently allege intent, and did not allege that Plaintiff justifiably relied upon any specific misrepresentations. Since filing the Amended Complaint, Plaintiff has not further amended the Complaint to satisfy Rule 9's requirements, and has not produced any evidence in discovery that supports Plaintiffs claims. Therefore, I will grant Eagle Nationwide's motion on Counts 23 through 29, 31, and 33 through 36 and dismiss those claims with prejudice.

### IV. Conclusion

I will grant Eagle Nationwide's motion for summary judgment for the following reasons:

- Counts 1, 2, 5, 6, 8, and 9 are barred by the RESPA statute of limitations;

- Counts 3, 4, and 7 are dismissed because RESPA does not provide a private right of action for violations of section 2603;

- Count 10 is dismissed because Mr. Taggart signed a notice of right to cancel form;

• Count 11 is dismissed because Mr. Taggart failed to plead or produce sufficient evidence in discovery what disclosures Eagle Nationwide failed to make;

• Count 12 is dismissed because the payment schedule was disclosed to the Plaintiff;

• Count13 is dismissed because the total payment amount was disclosed to the Plaintiff;

• Count 15 is dismissed because Mr. Taggart failed to allege when, or by how much, the interest rate or amount changed;

• Counts 14 and 18 are dismissed because Mr. Taggart's time period for rescinding the loan has expired;

• Count 17 is dismissed because Mr. Taggart does not sufficiently allege or demonstrate through discovery a breach of contract claim;

• Counts 20, 21, and 22 are dismissed because Plaintiff failed to plead or to demonstrate any breach of fiduciary duty on the part of Eagle, which successfully helped Plaintiff obtain the requested loan that allowed Plaintiff to refinance the Property; and

• Counts 23 through 29, 31, and 33 through 36 are dismissed because Plaintiff failed to plead or demonstrate common law fraud, as required to state a claim under catchall provision of the UTPCPL.

An appropriate Order follows.

## ORDER

**AND NOW,** this 17th day of June, 2013, upon consideration of the Defendant, Eagle Nationwide's, Motion for Summary Judgment (Doc. No. 96) and all the Responses and Replies thereto, it is hereby **ORDERED** that the Motion is **GRANTED.** [13]

*8 The Clerk of Court is directed to mark this action as **CLOSED.**

Footnotes

1     Complaint at ¶ 7, *Taggart v. Wells Fargo Home Mortgage, Inc.*, No. 10–843 (E.D. Pa. filed March 1, 2010).

2     Mr. Taggart has also filed lawsuits alleging violations regarding other property he owns. *See* Memorandum and Order, *Taggart v. Norwest Mortgage, Inc.*, No. 09–1281, 2010 WL 114946 (E.D. Pa. filed Jan. 11, 2010); *Taggart v. Chase Bank USA, N.A.*, No. 09–1533, 2009 WL 1674419 (E.D. Pa. filed June 15, 2009) *aff'd* 353 Fed. Appx. 731 (3d Cir. Nov.27, 2009); *Taggart v. Greenpoint Mortgage Funding, Inc.*, No. 09–03416 (E.D. Pa. filed July 29, 2009) (consolidated with No. 09–3417); *Taggart v. BAC Home Loans Servicing, LP*, No. 10–01223 (E.D. Pa. filed March 19, 2010).

3     On June 23, 2011, Taggart filed a motion for reconsideration of the Order dismissing Wells Fargo (Doc. No. 75), which I denied on August 15, 2011. (Doc. No. 78).

4     I did not address the merits of Eagle Nationwide's Motion to Dismiss in my memorandum denying the motion.

5     Equitable tolling may apply: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir.1994) (citing *Sch. Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 19–20 (3d Cir.1981)). "[T]o warrant equitable tolling, 'mere silence or nondisclosure is not enough to trigger estoppel[;] the adversary must commit some affirmative independent act of concealment upon which the plaintiffs justifiably rely in order to toll the statute." *Garczynski v. Countrywide Home Loans, Inc.*, 656 F.Supp.2d 505, 516 (E.D.Pa.2009) (citing *Marple v. Countrywide Fin. Corp.*, No. 07–4402, 2008 U.S. Dist. LEXIS 37705, at *8, 2008 WL 9418768 (D.N.J. May 7, 2008)).

6     *Taggart v. Wells Fargo Home Mortg., Inc.*, 2010 U.S. Dist. LEXIS 102747, 2010 WL 3769091 (E.D.Pa. Sept. 27, 2010) (finding that "the Department of Housing and Urban Development Settlement Statement, attached to Mr. Taggart's complaint, lists a $695.00 commitment fee paid to American Partners Bank, a $375.00 processing fee paid to Eagle Nationwide Mortgage, and a $4,100.40 yield spread premium, which was paid outside of closing.").

7     12 U.S.C. § 2603(b) provided:
> The form prescribed under this section shall be completed and made available for inspection by the borrower at or before settlement by the person conducting the settlement, except that (1) the Secretary may exempt from the requirements of this section settlements occurring in localities where the final settlement statement is not customarily provided at or before the date of settlement, or settlements where such requirements are impractical and (2) the borrower may, in accordance with regulations of

the Secretary, waive his right to have the form made available at such time. Upon the request of the borrower to inspect the form prescribed under this section during the business day immediately preceding the day of settlement, the person who will conduct the settlement shall permit the borrower to inspect those items which are known to such person during such preceding day.

8   In my opinion on Wells Fargo's Motion to Dismiss, I found there was no private cause of action. *Taggart v. Wells Fargo Home Mortg., Inc.,* 2010 U.S. Dist. LEXIS 102747, 2010 WL 3769091 (E.D.Pa. Sept. 27, 2010).

9   In addition, as an alternate ground for dismissing count 2, if count 2 is an attempt to raise a claim pursuant to section 2603(b), it is dismissed because no private right of action exists.

10   In Count 10 of the Amended Complaint, Plaintiff alleges that Eagle Nationwide failed to provide him with three copies of a "Right to Cancel" notice at the time of closing. However, the law only required Eagle to provide Plaintiff with two copies of that notice, and the documents attached to the Amended Complaint shows that Mr. Taggart signed a notice of the right to cancel form, and acknowledged that he received two copies of the form. 12 C.F.R. § 226.15(b). Therefore, Count 10 will be dismissed with prejudice.

In Count 11 of the Amended Complaint, Plaintiff generally alleges that Eagle Nationwide "failed to make all ... disclosures before consummation." Nowhere in the Amended Complaint does Plaintiff identify what disclosures Eagle should have made that it did not make. Likewise, at no time during the discovery period has Plaintiff produced or pointed to any evidence that would (1) identify which disclosures Eagle supposedly failed to make, or (2) demonstrate how Eagle Nationwide supposedly violated its duty to make such disclosures. Therefore, Count 11 will be dismissed with prejudice.

In Count 12 of the Amended Complaint, Plaintiff alleges that Eagle Nationwide failed to disclose the payment schedule of the loan in violation of 12 C.F.R. § 226.18(g).

12 C.F.R. § 226.18(g) provides:

For each transaction, the creditor shall disclose the following information as applicable: The number, amounts, and timing of payments scheduled to repay the obligation.

(1) In a demand obligation with no alternate maturity date, the creditor may comply with this paragraph by disclosing the due dates or payment periods of any scheduled interest payments for the first year.

(2) In a transaction in which a series of payments varies because a finance charge is applied to the unpaid principal balance, the creditor may comply with this paragraph by disclosing the following information:

(i) The dollar amounts of the largest and smallest payments in the series.

(ii) A reference to the variations in the other payments in the series.

*Id.* The Truth in Lending Disclosure Statement attached to Mr. Taggart's complaint at A–1 states there will be 359 payments of $1,716.03, beginning on February 1, 2009, and 1 payment of $1,719.61 on January 1, 2039. Therefore, it is apparent from the very documents filed by Plaintiff that Plaintiff received the required disclosure of the payment schedule. Additionally, Eagle Nationwide merely served as the broker for the subject loan and is not a "creditor" as defined by TILA. *Nelson v. JPMorgan Chase Bank, NA,* 707 F.Supp.2d. 309, 315, 317 (E.D.N.Y.2009). Therefore, Count 12 will be dismissed with prejudice.

In Count 13 of the Amended Complaint, Plaintiff alleges that Eagle Nationwide failed to disclose the total of the payments to be made in compliance with 12 C.F.R. 226.18(g)–(h). The truth in lending disclosure statement attached to the Amended Complaint, however, does disclose this information. The disclosure statement contains a box labeled "Total of Payments," which is described as "[t]he amount you will have paid after you have made all payments as scheduled." The amount in the box was $617,774.38. Therefore, Count 13 will be dismissed with prejudice.

In Count 14 of the Amended Complaint, Plaintiff alleges that Eagle Nationwide failed to provide the correct annual percentage rate in the closing documents. Likewise, in Count 18 of the Amended Complaint, Plaintiff alleges that Eagle did not disclose the loan terms when it changed the rate or payment amount. As stated above, Eagle Nationwide merely served as the broker for the subject loan and is not a "creditor" as defined by TILA. *Nelson v. JPMorgan Chase Bank, NA,* 707 F.Supp.2d. 309, 315, 317 (E.D.N.Y.2009). Further, Mr. Taggart does not allege when the interest rate or payments amount changed. Because the Amended Complaint does not allege when, or by how much, the interest rate and payment amount increased. Therefore, Count 14 will be dismissed with prejudice.

Count 15 alleges Mr. Taggart would like the right to "quiet title" and rescind the loan per the TILA. Pursuant to 12 C.F.R. § 226.23, "[t]he consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last." If the consumer did not receive the notice or material disclosures, however, "the right to rescind shall expire 3 years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first." Material disclosures include "the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32(c) and (d)." 12 C.F.R. § 226.23(a). Mr. Taggart signed the notice of the right to cancel on December 16, 2008, and all material disclosures were made at that time. The disclosures Mr. Taggart alleges Eagle

|    |    |
|----|----|
| | Nationwide failed to disclose are contained on the forms attached to the complaint. Therefore, his right to rescind the contract expired in December 2008. Therefore, Count 15 will be dismissed with prejudice. |
| 11 | As demonstrated by the HUD–1 form attached to the Amended Complaint at Exhibit A8, the subject loan was a "cash-out" refinance, whereby Plaintiff not only refinanced the loan on the Property, but also received $38,413.72 in cash from the lender. See Exhibit "C". Plaintiff sought out this loan through Eagle Nationwide in order to draw equity out of the Property for his own purposes. |
| 12 | **Error! Main Document Only.** Count 23 alleges Eagle Nationwide failed to provide and disclose all terms of the loan in violation of the UTPCPL. Count 24 alleges Eagle Nationwide failed to disclose all fees and costs of the loan in violation of the UTPCPL. Count 25 alleges Eagle Nationwide failed to provide and disclose all fees and costs of the loan at least three days prior to the closing of the loan in violation of the UTPCPL. Count 26 alleges Eagle Nationwide failed to provide closing documents and the HUD–1 settlement statement at least 24 hours prior to closing of the loan in violation of the UTPCPL. Count 27 alleges Eagle Nationwide charged Mr. Taggart broker fees and yield spread premiums in excess of normal market fees and engaged in predatory lending by charging Mr. Taggart higher than current market rates for the loan in violation of the UTPCPL. Count 28 alleges Eagle Nationwide failed to disclose the payment schedule in violation of the UTPCPL. Count 29 alleges Eagle Nationwide failed to disclose the total payments by using the term "total payments" and a descriptive analysis in violation of the UTPCPL. Count 31 alleges Eagle Nationwide failed to disclose the payment schedule in violation of the UTPCPL. Count 33 alleges Eagle Nationwide failed to provide proper disclosures concerning when payments were due, in violation of the UTPCPL. Count 34 alleges Eagle Nationwide failed to disclose the loan terms throughout the loan when the rate or payment amount is changed in violation of the UTPCPL. Count 35 and count 36 allege Eagle Nationwide breached a fiduciary duty owed to Mr. Taggart to obtain the best loan in violation of the UTPCPL. |
| 13 | Plaintiff's motions to file a sur-reply and motion to file (Doc. Nos. 125, 126 & 127) are hereby **DENIED.** |

End of Document

© 2014 Thomson Reuters. No claim to original U.S. Government Works.